# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JOHN J. STYRCZULA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 2642 |
| | ) |
| PIERCE & ASSOCIATES, P.C., JYOTHI R. MARTIN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the court is defendant Pierce & Associates, P.C.'s motion to dismiss. For the following reasons, the court denies the motion in part, and grants it in part.

## BACKGROUND

Plaintiff John J. Styrczula has filed a one-count complaint against Pierce & Associates, P.C. ("Pierce"), a law firm, and Jyothi R. Martin, one of its attorneys, alleging that they violated the Fair Debt Collection Practices Act ("FDCPA").[1] Styrczula filed for Chapter 7 bankruptcy on November 15, 2013. (See Pl.'s Compl. ¶ 10.) On February 13, 2014, Martin filed a motion on behalf of Nationstar Mortgage, LLC ("Nationstar") to lift the automatic stay

---

[1] Styrczula purported to serve Martin by leaving a copy of the summons with an "authorized person" of the "defendant corporation." (See Summons (Martin), Dkt. 4, at 1.) He issued an alias summons in July 2014, but the record does not indicate whether he ever served Martin personally and Martin has not appeared in the case.

in order to foreclose on Styrczula's home. (<u>Id.</u> at ¶ 11.) Nationstar stated in the motion that Styrczula had stopped making mortgage payments in December 2013. (<u>See</u> Mot. to Modify, attached as part of Group Ex. A to Pl.'s Compl., ¶ 5.) Martin attached a statement to the motion indicating that Styrczula's account was $4,481.38 in arrears. (<u>See</u> Req. Stmt. to Accompany Mot. for Relief from Stay, attached as Ex. C to Pl.'s Compl., ¶ 5 (representing that Styrczula had been in "contractual default" for two months).) The notice attached to the motion contained the following disclaimer:

> \*\*THIS DOCUMENT IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.\*\*

(<u>See</u> Notice of Mot., attached as part of Group Ex. A to Compl., at 1-2.) Martin certified that he sent copies of the notice and motion to Styrczula, among others. (<u>Id.</u>) The day before the scheduled hearing on Nationstar's motion, Styrczula's attorney, Thomas Toolis, filed a response claiming that Styrczula had paid Nationwide $1,876.03 in each of November 2013, December 2013, and January 2014. (<u>See</u> Resp. to Mot. for Relief from the Auto. Stay, attached as Ex. B to Pierce's Mot., ¶ 4.) The bankruptcy court then continued the motion hearing to February 28, 2014. (<u>See</u> Docket Report, <u>In re John J. Styrczula</u>, Case No. 13-44473, attached as Ex. B to Pierce's Mot. to Dismiss, Dkt. 20.)

On February 27, 2014, Toolis emailed Martin and Yanick Polycarpe, another Pierce attorney, about obtaining a "payment history." (See Email from Y. Polycarpe to T. Toolis, dated Feb. 27, 2014, attached as Ex. B to Pl.'s Compl.) Polycarpe responded as follows:

> I don't have a complete history but was able to verify payment applied. He [Styrczula] is roughly $2 short of making January unless more money is in the mail. Since it is going to discharge any day now I will likely withdraw.

(See Email form Y. Polycarpe to T. Toolis, dated Feb. 27, 2014, attached as Ex. B to Pl.'s Compl.) Nationstar withdrew its motion the following day. (See Docket Report, In re John J. Styrczula, Case No. 13-44473, Dkt. 22.) On March 3, 2014, the bankruptcy court entered an order discharging Styrczula's pre-petition debts. (Id. at Dkt. 21.) Styrczula had indicated that he intended to reaffirm his mortgage debt, (see Voluntary Petition, In re John J. Styrczula, Case No. 13-44473, Dkt. 1, "Chapter 7 Individual Debtor's Statement of Intention.").) but it is unclear whether he ever did so. Three days later, on March 6, 2014, Polycarpe sent an email to Toolis purporting to attach a "proposed repay default order." (See Email from Y. Polycarpe to T. Toolis, dated Mar. 6, 2014, attached as Ex. D to Pl.'s Compl.)[2] Toolis responded by

---

[2] The context for this exchange is unclear. Styrczula has not attached the proposed order that Polycarpe mentioned in his email. Also, the copy of the email Styrczula has attached to his response brief appears to be partially redacted.

asking Polycarpe to send him "a copy of the accounting." (Email from T. Toolis to Y. Polycarpe, dated Mar. 6, 2014, attached as Ex. D to Pl.'s Compl.) Polycarpe responded that he had "requested the info be sent to" Toolis. (Email from Y. Polycarpe to T. Toolis, dated Mar. 6, 2014, attached as Ex. D to Pl.'s Compl.) Styrczula alleges that the defendants never provided the accounting that his attorney had requested. (Pl.'s Compl. ¶ 17.)

## **DISCUSSION**

Styrczula claims that the defendants violated FDCPA by: (1) misstating the amount of the default in a document attached to Nationstar's motion to lift the bankruptcy stay (see 15 U.S.C. § 1692e); and (2) failing to provide the accounting that his attorney requested (see id. at § 1692g). Pierce has moved to dismiss Styrczula's claim as barred by collateral estoppel and/or *res judicata*. Alternatively, it argues that Styrczula's allegations do not state a claim for relief under the FDCPA.

**I. Legal Standard**

When evaluating a motion to dismiss, the court construes the complaint's allegations in the light most favorable to the plaintiff, "accepting as true all well-pleaded facts alleged and drawing all permissible inferences in [the plaintiff's] favor." Fortres Grand Corp. v. Warner Bros. Entm't Inc., 763 F.3d 696, 700 (7th Cir. 2014) (citation and internal quotation marks omitted). The plaintiff must allege "sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Vesely v. Armslist LLC, — F.3d —, 2014 WL 3907114, *2 (7th Cir. Aug. 12, 2014) (slip op.). The plaintiff is not required to anticipate affirmative defenses, like collateral estoppel and *res judicata*. See Levin v. Miller, 763 F.3d 667, 671 (7th Cir. 2014) ("[C]omplaints need not anticipate affirmative defenses; neither Iqbal nor Twombly suggests otherwise."); Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc., 707 F.3d 883, 889 n.3 (7th Cir. 2013) ("[C]ollateral estoppel and res judicata are affirmative defenses . . . ."). A court may, however, grant a motion to dismiss based upon a valid affirmative defense that is "sufficiently obvious 'from the face of the complaint.'" Syler v. Will County, Ill., 564 Fed.Appx. 848, 849 (7th Cir. 2014) (quoting Walker v. Thompson, 288 F.3d 1005, 1009–10 (7th Cir. 2002)).

In general, the court only considers the complaint's allegations when ruling on a Rule 12(b)(6) motion. See Cohen v. American Sec. Ins. Co., 735 F.3d 601, 604 n.2 (7th Cir. 2013). The court may also consider, however, "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." Id. (citation and internal quotation marks omitted). Thus, the court may consider the email correspondence

that Styrczula has attached to his complaint. It may also consider the public filings in his bankruptcy case. See, e.g., Young-Smith v. Holt, 575 Fed.Appx. 680, 682 (7th Cir. 2014) ("[A] court may take judicial notice of matters of public record such as a court order.").

**II. Collateral Estoppel**

Collateral Estoppel, or issue preclusion, "applies to prevent relitigation of issues resolved in an earlier suit." Adams v. City of Indianapolis, 742 F.3d 720, 736 (7th Cir. 2014). "Issue preclusion has the following elements: (1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action." Id. Pierce primarily relies on Adair v. Sherman, 230 F.3d 890 (7th Cir. 2000) to support its argument that issue preclusion bars Styrczula's claim. In Adair, the defendant filed a proof of claim on behalf of First Midwest Bank ("FMB") in the plaintiff's Chapter 13 bankruptcy case. Id. at 893. "According to the bankruptcy code, any proof of claim filed by a creditor is deemed allowed, unless a party in interest objects." Id. at 894 (citing 11 U.S.C. § 502(a); In re Greenig, 152 F.3d 631, 633 (7th Cir. 1998)). The plaintiff in Adair did not object to FMB's proof of claim, and the Chapter 13

trustee allowed the claim as fully secured when it confirmed the debtor's bankruptcy plan.  Id. at 893.  The debtor later filed an FDCPA claim against the debt collector alleging that it had fraudulently obtained secured status for its client by overvaluing the collateral securing the debt.  Id.; see also 11 U.S.C. § 506(a) ("Determination of secured status").  The Adair Court held that the bankruptcy court had actually and necessarily established the value of the collateral when it confirmed the plaintiff's bankruptcy plan.  See id. at 894-95.  Thus, issue preclusion barred the plaintiff's FDCPA claim.  Id.  The Court, however, "express[ed] no opinion as to whether a FDCPA claim can ever be predicated on a previous filing in a bankruptcy proceeding."  Id. at 896, n.10.

Adair is distinguishable.  Pierce filed a motion to lift the automatic stay and then withdrew the motion.  The bankruptcy court did not decide the motion, and thus did not establish the amount of the debt.  Cf. id. at 894-95.  Also, Adair dealt with a Chapter 13 confirmation order, not a Chapter 7 discharge order.  Pierce has not attempted to explain how the bankruptcy court's discharge order established whether, or by how much, Styrczula's account was in arrears.  By its terms, it simply discharged Styrczula's pre-petition debts.  Pierce has not established that issue preclusion bars Styrczula's claim.

**III. Res Judicata**

Alternatively, Pierce argues that *res judicata*, or claim preclusion, bars Styrczula's FDCPA claim. "A party asserting *res judicata* or claim preclusion must establish: '(1) identity of the claim, (2) identity of parties, which includes those in 'privity' with the original parties, and (3) a final judgment on the merits.'" Cannon v. Burge, 752 F.3d 1079, 1101 (7th Cir. 2014) (quoting Ross ex rel. Ross v. Board of Educ. of Twp. High Sch. Dist. 211, 486 F.3d 279, 283 (7th Cir. 2007)). To satisfy the first element, the defendant must show that the claims are "based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." Bernstein v. Bankert, 733 F.3d 190, 226 (7th Cir. 2013). If the plaintiff's new claim is based upon the same facts as its prior claim, then the new claim is barred even if the plaintiff did not actually raise it in the earlier lawsuit. Id. The claim will not be barred, however, if the court in the first case lacked subject matter jurisdiction to hear it. See Alvear-Velez v. Mukasey, 540 F.3d 672, 678 (7th Cir. 2008) ("[C]ourts consistently have refused to apply *res judicata* to preclude a second suit that is based on a claim that could not have been asserted in the first suit."); see also Addis v. Department of Labor, 575 F.3d 688, 689-90 (7th Cir. 2009) (declining to apply *res judicata* because Illinois state court that adjudicated the

plaintiff's retaliatory-discharge claim could not hear her Energy Reorganization Act claim).

Neither party has cited authority directly addressing whether the bankruptcy court had jurisdiction to adjudicate Styrczula's FDCPA claim.[3] The court's own research indicates that courts are split on this question. See, e.g., In re Atwood, 452 B.R. 249, 253-57 (D.N.M. Bkr. 2011) (collecting cases).[4] It appears that a majority of the courts that have addressed this issue have held that bankruptcy courts lack subject-matter jurisdiction over post-petition FDCPA claims. Id. at 255. The court declines to rule definitively on the issue at this time given the scant record and the parties' cursory arguments. For purposes of the current motion, the court finds that Pierce has not satisfied its burden to show that claim preclusion bars Styrczula's FDCPA claim.

## IV. Failure to State a Claim

Styrczula has alleged that Pierce violated the FDCPA by: (1) misstating the amount of unpaid mortgage payments; and (2) failing to "validate the alleged arrearage" within 30 days. (Pl.'s Compl. ¶ 18.)

---

[3] Pierce begs the question when it argues that the bankruptcy court had jurisdiction to hear Styrczula's FDCPA claim because FDCPA claims "may be brought in any appropriate United States district court . . . or in any other court of competent jurisdiction . . . ." (See Def.'s Reply at 4.)

[4] The parties have not cited, nor has the court located, any controlling Seventh Circuit authority.

### A. Styrczula's § 1692(e) Claim

FDCPA § 1692e prohibits debt collectors from making false or misleading statements when attempting to collect a debt:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> [. . .]
>
> (2) The false representation of —
>
> (A) the character, amount, or legal status of any debt. . . .

15 U.S.C. § 1692e. The Seventh Circuit has held that the Bankruptcy Code does not trump the FDCPA, even though in particular cases they may overlap. See Randolph v. IMBS, 368 F.3d 726, 728 (7th Cir. 2004). In Randolph, a debt collector sent a dunning letter to the plaintiff demanding immediate payment of a debt that was subject to periodic payments under the plaintiff's Chapter 13 plan. Id. at 728. This statement was "false" because the debt was not immediately due, and the plaintiff sued the debt collector for allegedly violating § 1692e. See id. ("A demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not."). On appeal of the district court's order dismissing the plaintiff's claim, the Seventh Circuit rejected the view, adopted by some

courts, that "remedies under the Bankruptcy Code are the *only* recourse against post-bankruptcy debt-collection efforts . . . ." Id. Section 1692e "creates a strict-liability rule. Debt collectors may not make false claims, period." Id. at 730. The Bankruptcy Code, by contrast, prohibits "willful" violations of the automatic stay. Id. at 728; 11 U.S.C. § 362(k)(1). The two provisions overlap in some cases, but the Bankruptcy Code does not trump the FDCPA: "[p]ermitting remedies for negligent falsehoods would not contradict any portion of the Bankruptcy Code, which therefore cannot be deemed to have repealed or curtailed § 1692e(2)(A) by implication." Randolph, 368 F.3d at 732-33.

Randolph is not squarely on point because the debt collector in that case sent a collection letter to the plaintiff. Here, the defendants filed the document that Styrczula is challenging with the bankruptcy court. The Seventh Circuit suggested in Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC., 480 F.3d 470, 473 (7th Cir. 2007) that the FDCPA may not apply to legal filings. See id. ("[I]t is far from clear that the FDCPA controls the contents of pleadings in state court."); see also Adair, 230 F.3d at 896, n.10 ("Because the parties have not presented the issue, we express no opinion as to whether a FDCPA claim can ever be predicated on a previous filing in a bankruptcy proceeding."). The Beler Court expressly declined to resolve that question, however, noting that the defendant's state-court complaint did not violate the FDCPA even assuming that it applied. See Beler, 480 F.3d at 473 ("We

postpone to some future case, where the answer matters, the decision whether § 1692e covers the process of litigation."); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 n.1 (7th Cir. 2011) (noting that the Beler Court had not settled the issue, and likewise declining to do so).[5] Moreover, in earlier cases the Court has permitted similar claims. See Veach v. Sheeks, 316 F.3d 690, 692-94 (7th Cir. 2003) (the defendant violated the FDCPA by misstating the amount of the plaintiff's debt in a small-claims-court summons and complaint that he served on the plaintiff); Gearing v. Check Brokerage Corp., 233 F.3d 469, 471 (7th Cir. 2000) (affirming judgment in favor of the plaintiff in an FDCPA case alleging misrepresentation in a state-court complaint); see also Casso, 955 F.Supp.2d at 830 (plaintiff stated an FDCPA claim by alleging that the defendant made false statements in an affidavit attached to a state-court complaint seeking to collect a credit card debt). Discovery may or may not shed light on these legal issues, but the parties' arguments are cursory at best. The

---

[5]/ Neither party has cited O'Rourke. In that case, the plaintiff challenged the authenticity of a credit-card statement that the defendant attached to the complaint it had filed against him in state court. O'Rourke, 635 F.3d at 939. On appeal, the plaintiff based his claim entirely on the theory that the statement was "materially false, deceptive, and misleading to [the] state court judge." Id. at 939. The Court of Appeals rejected that argument, holding that § 1692e only applies to false statements made by debt collectors to *consumers*. Id. at 943-44. The court did not hold, however, that a court filing cannot target both the court and the consumer. See id. at 947 (Tinder, J., concurring in the judgment) (noting that the plaintiff had abandoned his claim that the complaint was also misleading to him). At least one court in this district has interpreted O'Rourke narrowly to apply to the appellant's theory in that case. See Casso v. LVNV Funding, LLC, 955 F.Supp.2d 825, 830 (N.D. Ill. 2013) ("Unlike O'Rourke, Plaintiff has not alleged that Defendants submitted the false affidavit to mislead the state court. Rather, Plaintiff has alleged that Defendants submitted the false affidavit to mislead her."). In any event, the defendants have not argued that the court should extend O'Rourke's holding to apply in this case.

court declines to rule on this record that bankruptcy filings are categorically exempt from the FDCPA's coverage.

Finally, Pierce argues that its motion to lift the stay was not an attempt to collect a debt. There is no bright-line test to determine whether a particular communication is "in connection with the collection of [a] debt." 15 U.S.C. § 1692e; see Gburek v. Litton Loan Servicing LP, 614 F.3d 380, 384 (7th Cir. 2010) ("Neither this circuit nor any other has established a bright-line rule for determining whether a communication from a debt collector was made in connection with the collection of any debt."). Relevant factors include the "the absence of a demand for payment," the "nature of the parties' relationship;" and "the purpose and context of the communications — viewed objectively." Gburek, 614 F.3d at 384. Pierce has not applied these factors to Styrczula's claim, or even cited the relevant analysis. Viewing the evidence in the light most favorable to plaintiff, Pierce filed the motion to lift the stay at least in part to elicit payment from Styrczula. See, e.g., Casso, 955 F.Supp.2d at (Holding that the plaintiff stated an FDCPA claim by alleging that the defendant used a "false affidavit" indicating that "business records regarding her debt had been reviewed in order to intimidate [her] into not disputing the debt."). It acknowledged as much in its notice of motion: "THIS DOCUMENT IS AN ATTEMPT TO COLLECT A DEBT . . . ." (Notice of Mot. at 1-2.) Construing the complaint in the light most favorable to

Styrczula, the court concludes that he has stated a claim for relief.

**B.  Styrczula's § 1692g Claim**

Styrczula alleges that the defendants violated § 1692g by failing to validate the debt within 30 days after Toolis's February 27, 2014 email.  FDCPA § 1692g(a) requires debt collectors to provide a written notice to the debtor setting forth certain information about the debt within five days after "the initial communication with a consumer in connection with the collection of any debt."  15 U.S.C. § 1692g(a).  Among other information, the debt collector must notify the debtor that it may request verification of the debt within 30 days after receiving the notice.  Id. at § 1692g(3)-(4).  The motion to lift the stay did not constitute an "initial communication" triggering the defendants' obligation to provide information about the debt.  See id. at § 1692g(d) ("A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section.").  Styrczula argues, instead, that the "initial communication" was Polycarpe's February 27, 2014 email because it: (1) stated the amount of the debt ($2); and (2) contained an FDCPA disclaimer.  (See Email from Y. Polycarpe to T. Toolis, dated Feb. 27, 2014 ("Pursuant to the Fair Debt Collection Practices Act, you are advised that this office is deemed to be a debt collector and any information obtained may be used for that purpose.").)  Even construing the facts in the light

most favorable to plaintiff, this email was not an attempt to collect a debt. First, it appears that the boilerplate FDCPA language was included in the email that Martin sent to Polycarpe ("Hey, looks like he didn't put your email in correctly"), which Polycarpe forwarded to Toolis. Second, and more importantly, Polycarpe merely told Toolis that Styrczula's January 2014 mortgage payment was $2 short. He then stated that he would "likely withdraw" his motion to lift the stay because the bankruptcy court was going to discharge the underlying debt "any day now." Id. Polycarpe was responding to Toolis's request for an update before the hearing on Nationstar's motion to lift the stay, not attempting to collect a $2 deficiency. Finally, even assuming that Polycarpe's email was an "initial communication," and that Toolis's March 6, 2014 email could be construed to request verification, Styrczula has not alleged that the defendants attempted to collect the debt after Toolis's email. The statute does not create an absolute right to verification. A debt collector may elect to abandon collection efforts after receiving a request for verification without incurring any liability under the statute:

> Section 1692g(b) . . . gives debt collectors two options when they receive requests for validation. They may provide the requested validations and continue their debt collecting activities, or they may cease all collection activities. See Smith v. Transworld Systems, Inc., 953 F.2d 1025, 1031 (6th Cir. 1992) (debt collector does not violate the FDCPA when it ceases collection activity after receiving request for validation; debt collector need not first send validation before ceasing collection activity). The statute wisely anticipates that not all debts can or will be verified. After all, in the real

world, creditors and debt collectors make mistakes, and sometimes initiate collection activities against persons who do not owe a debt. When a collection agency cannot verify a debt, the statute allows the debt collector to cease all collection activities at that point without incurring any liability for the mistake.

Jang v. A.M. Miller and Associates, 122 F.3d 480, 483 (7th Cir. 1997). Indeed, it appears that there was no debt to verify when Toolis sent his email: the bankruptcy court's order had already discharged the debt. Styrczula has not stated a claim for relief under 15 U.S.C. § 1692g.

## **CONCLUSION**

The court denies the defendants' motion to dismiss in part, and grants it in part. The court denies the motion with respect to the plaintiff's 15 U.S.C. § 1692e claim. The court grants the motion with respect to the plaintiff's 15 U.S.C. § 1692g claim and dismisses that claim is dismissed with prejudice. The court sets a status hearing for October 30, 2014 at 1:00 p.m. before the Honorable Amy J. St. Eve in Courtroom 1241.

DATE:    October 22, 2014

ENTER:    _____
          Amy St. Eve, United States District Judge